UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID GRAFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00941-TWP-TAB |
| | ) |
| DUSHAN ZETECKY Warden, | ) |
| WEXFORD OF INDIANA, LLC, | ) |
| PAUL A. TALBOT MD., | ) |
| V. SHEPHERD, | ) |
| LAURA BODKIN, | ) |
| MICHELLE LAFLOWER, | ) |
| BECKY DAVIS, | ) |
| THOMPSON Nurse, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR COUNSEL WITHOUT PREJUDICE**

This matter is before the Court on Plaintiff David Grafe's ("Mr. Grafe") renewed motion for the appointment of counsel. (Dkt. 46). Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every *pro se* case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear

competent to litigate it himself?'" *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

With respect to the first question, the plaintiff has listed 36 attorneys/law firms that he has contacted. He has not reported whether he has received any responses nor has he stated whether any of the attorneys have declined based on the perceived merits of his claims. He should continue his efforts to recruit counsel on his own.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, his personal abilities are such that he is competent to litigate it himself. *See McCaa. v Hamilton*, 893 F.3d 1027, 1032 (7th Cir. 2018).

Mr. Grafe's claims include an allegation that two defendant nurses hit him with a gurney on their way to a medical emergency and failed to call additional medical staff to assist him. He alleges that medical staff failed to properly treat his injuries to his right thigh and back and failed to refer him to an outside specialist. Mr. Grafe has a bachelor's degree from Ball State University. He alleges that he has a hip joint injury and Crohn's Disease, but it is not apparent how these conditions would affect his ability to litigate this case. Indeed, Mr. Grafe pled coherent constitutional claims of deliberate indifference, has filed numerous motions, including motions for protective order, and has served his initial disclosures. He contends that having an attorney conduct discovery would be more beneficial than him trying to figure out what to request because he is not knowledgeable about the law. While this may be true, Mr. Grafe has demonstrated an ability to

learn and litigate his case to this point. He is in a better position than most *pro se* prisoner litigants in terms of having a college education. The Seventh Circuit has specifically declined to find a presumptive right to counsel in medical deliberate indifference cases. *Id.* at 1037 (Hamilton, J., concurring).

Based on the foregoing, the Plaintiff's renewed motion for appointment of counsel, dkt. [46], is **denied without prejudice**. The Court will be alert to the possibility of recruiting representation for Mr. Grafe at trial or at other points in the case where his incarceration and *pro se* status would make it particularly difficult for him to proceed without representation.

IT IS SO ORDERED.

Date: 12/16/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID GRAFE
882972
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Matthew Stephen Koressel
INDIANA ATTORNEY GENERAL
matthew.koressel@atg.in.gov

Ilene M. Smith
INDIANA ATTORNEY GENERAL
Ilene.Smith@atg.in.gov